TALIAFERRO, Judge.
On November 27, 1950, plaintiff instituted suit against the defendant to recover judgment for $691.15, allegedly due him for services for supervising certain construction work under a contract between them, wherein plaintiff was obligated to furnish all the material and pay for all labor needful to complete said work, and superintend same. The measure of compensation for superintending the construction was fixed at 14 per cent of the cost of material and labor.
The suit was answered .by defendant on March 12, 1951. Liability for the amount for which sued was denied, save for a few dollars, which were deposited in the Court’s registry for plaintiff’s account.
The record before us does not disclose the fact, but both sides in briefs state that said suit, being No. 41190 on the docket of the lower court, was discontinued by plaintiff on April 26, 1951. We accept counsel’s statement on this score.
The present suit, being No. 41789 on the lower court’s docket, was filed April 26th, and, presumably, following dismissal of the former suit. Defendant’s counsel, being without knowledge of the discontinuance *584 of the first suit (No. 41190') tendered a plea of lis pendens, which was argued and overruled. They then filed what is called a “plea in bar” which was sustained and the suit dismissed. In this plea it is recited that in the former suit issue was joined by filing of-answer; that the parties thereto are the same as the parties to the present suit; that both suits grew out of the same cause of action, and the present one has the same object as did the former one; “and exceptor specially pleads the said prior cause as precluding the prosecution of the present action
Plaintiff appealed to this Court.
Appellee’s position, reflected from the allegations of its exception or plea, is predicated upon the language of Article 94 of the Code of Practice, as amended by Act 62 of 1918. So far as is needful to. this discussion, it reads as follows, to-wit: “The same cause can not be brought before the same or separate courts, though they he possessed of concurrent jurisdiction, except by discontinuing the suit first brought before the answer is filed.”
Carried to its logical conclusion, appel-lee’s argument simply is that regardless of the nature of the exigency that prompts such action, if the plaintiff voluntarily discontinues his suit after issue is joined by answer, he is forever barred from renewing the suit on the same cause of action. And this too, notwithstanding the language of Articles 491 and 492 of the Code of Practice. Article 491 reads : “The plaintiff may, in every stage of the suit previous to judgment being rendered, discontinue the suit on paying the costs.”
Article 492 reads, in part, as follows: “After discontinuing the suit, the plaintiff may bring the action anew but no further proceedings shall be had therein until the costs in the first suit shall have been paid * * *. ”
And, in consonance with his position, ap-pellee further argues that the broad permit of Article 492 to renew the suit is modified by Article 94 to the extent that this right to renew the action may only be exercised in cases where the discontinuance was taken prior to filing of answer in the first suit.
We find ourselves not able to concur in this interpretation of the cited articles. The words “before the answer is filed” should have been preceded by a comma. They have reference to the second suit, and not to the first one. We believe this true because the exception of lis pendens is a dilatory one,' and to be effective -must be filed in limine litis or else it comes too late. It cannot be entertained after answer is filed. It is made available only to the defendant Now, when the defendant in the second suit answers, of course, that puts the status of the pleadings beyond the realm in which the plea may function. This reasoning finds support in the latter part of cited Article 94. The judge before whom the action is first brought “shall sustain his jurisdiction.” But, if the defendant shall also answer to the suit first brought “instead of claiming to be dismissed” from the second one, “judgment first rendered shall be valid and executory”. Proceedings shall be stayed in the other suit.
The foregoing construction renders potent in their entirety all three of the articles cited, and makes clear a lack of conflict between them.
If appellee’s construction of Article 9-1 should be adopted, the injustice and inequity that would follow are clearly seen. Therefrom a litigant, although discovering fatal defects not curable by amendment, in his first petition, after answer is filed, or after trial and submission of his case, but prior to rendition of judgment, could not afford to have non-suit entered, as provided in Article 491, as such action would bar him from renewing the suit as is authorized by Article 492.
The lower court erred in sustaining the plea in bar; and for the reasons herein assigned, the judgment from which appealed is annulled, avoided and reversed; and this cause is remanded to the lower court for further proceedings.
Costs of appeal are cast upon the ap-pellee. Liability for all other costs will await fixing by final decree in the case-
KENNON, J., not participating.